WEIL, GOTSHAL & MANGES LLP
Christopher J. Cox
201 Redwood Shores Parkway
Redwood Shores, CA 94065
Telephone: (650) 802-3000
Facsimile:  (650) 802-3100

Jacqueline Marcus
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

*Attorneys for Lehman Brothers Holdings Inc.*
*and Lehman Brothers Special Financing Inc.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>LEHMAN BROTHERS HOLDINGS INC.,<br><br>Debtor. | Chapter 11 Case<br>No. 08-13555 (SCC)<br><br>(Jointly Administered) |
| LEHMAN BROTHERS HOLDINGS INC., IN ITS CAPACITY AS PLAN ADMINISTRATOR ON BEHALF OF LEHMAN BROTHERS SPECIAL FINANCING INC.<br><br>Plaintiff,<br><br>v.<br><br>UNIPOL BANCA S.p.A.<br>UNIPOLSAI ASSICURAZIONI S.p.A.<br><br>Defendants. | Adversary Proceeding<br>No. 14-01021 (SCC) |

## NOTICE OF SERVICE OF SPV DERIVATIVES ADR PACKAGE

**PLEASE TAKE NOTIC**E that, on July 18, 2012, the Court entered the *Amended Order Providing for Alternative Dispute Resolution Procedures for Affirmative Claims of the Debtors Under Derivatives Transactions with Special Purpose Vehicle Counterparties* [Case No.

08-13555; ECF No. 29507] (as may have been amended and/or modified from time to time, the "Order").  A copy of the Order is attached hereto as Exhibit A.

PLEASE TAKE FURTHER NOTICE that, on June 4, 2014, the Plaintiff, Lehman Brothers Holdings Inc., in its capacity as Plan Administrator under the *Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors*, on behalf of Lehman Brothers Special Financing Inc., served the Defendants and Noteholders, Unipol Banca S.p.A. ("Unipol") and UnipolSai Assicurazioni S.p.A. ("UnipolSai") with the Revised SPV Derivatives ADR Package.[1]

PLEASE TAKE FURTHER NOTICE that, pursuant to the Order, the Defendants and Noteholders, Unipol and UnipolSai, must file a notice of appearance within thirty (30) calendar days of service of the Revised SPV Derivatives ADR Package, within which time Unipol and UnipolSai shall not file a responsive pleading.

PLEASE TAKE FURTHER NOTICE that, the first filing of a notice of appearance in accordance with Paragraph 2(c) of the Order, shall immediately and automatically stay this

---

[1] Capitalized terms not otherwise defined shall have the meaning ascribed to them in the Order.

US_ACTIVE:\44494703\2\58399.0011

adversary proceeding pending completion of the SPV Derivatives ADR Procedures through settlement or termination of mediation.

Dated:    June 4, 2014
          Redwood Shores, California

                                        /s/ Christopher J. Cox
                                        Christopher J. Cox
                                        WEIL, GOTSHAL & MANGES LLP
                                        201 Redwood Shores Parkway
                                        Redwood Shores, CA 94065
                                        Telephone: (650) 802-3000
                                        Facsimile:  (650) 802-3100

                                        Jacqueline Marcus
                                        WEIL, GOTSHAL & MANGES LLP
                                        767 Fifth Avenue
                                        New York, New York 10153
                                        Telephone: (212) 310-8000
                                        Facsimile: (212) 310-8007

                                        *Attorneys for Lehman Brothers Holdings Inc.
                                        and Lehman Brothers Special Financing Inc.*

US_ACTIVE:\44494703\2\58399.0011

**<u>Exhibit A</u>**

**(Amended Order Providing for Alternative Dispute Resolution Procedures for Affirmative
Claims of the Debtors Under Derivatives Transactions With Special Purpose
Vehicle Counterparties)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
                       :

In re                         :         **Chapter 11 Case No.**
                       :

**LEHMAN BROTHERS HOLDINGS INC.,** *et al.,*   :         **08-13555 (JMP)**
                       :

             **Debtors.**     :         **(Jointly Administered)**
                       :
                       :
------------------------------------------------------------------x

## AMENDED ORDER PROVIDING FOR ALTERNATIVE DISPUTE RESOLUTION PROCEDURES FOR AFFIRMATIVE CLAIMS OF THE DEBTORS UNDER DERIVATIVES TRANSACTIONS WITH SPECIAL PURPOSE VEHICLE COUNTERPARTIES

The following alternative dispute resolution ("ADR") procedures for disputes involving derivatives transactions with special purpose vehicles (the "SPV Derivatives ADR Procedures") are ORDERED to apply to Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases (together with LBHI, the "Chapter 11 Estates"). In connection with SPV Derivatives Transactions (as defined below), this order (the "Amended SPV Derivatives ADR Order") supersedes in its entirety, except as specifically provided below, the Alternative Dispute Resolution Procedures Order for Affirmative Claims of Debtors Under Derivatives Contracts (the "Derivatives ADR Order") [ECF No. 5207] and the Alternative Dispute Resolution Procedures Order For Affirmative Claims Of The Debtors Under Derivatives Transactions With Special Purpose Vehicle Counterparties (the "SPV Derivatives ADR Order") [ECF No. 14789].

# FINDINGS

On motion (the "Motion") of LBHI as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors (the "Plan"), due and proper notice of which having been provided to (i) the United States Trustee for Region 2; (ii) the Securities and Exchange Commission; (iii) the Internal Revenue Service; (iv) the United States Attorney for the Southern District of New York; (v) all interested parties, and (vi) all parties entitled to notice in accordance with the procedures set forth in the second amended order entered on June 17, 2010 governing case management and administrative procedures for these cases [ECF No. 9635], the Court FINDS that numerous open and terminated SPV Derivatives Transactions (as defined below), including without limitation derivatives contracts that are "swap agreements" or "forward contracts," in each case, as such term is defined in section 101 of the Bankruptcy Code, exist under which the Chapter 11 Estates and the relevant counterparties and other parties in interest have disputes over their respective legal rights and obligations.  The Court further FINDS that certain common issues continue to exist regarding these contracts, including, among others, questions involving appropriateness of setoff, termination, valuation, computation of termination payments, and notice.  The Court further FINDS that substantial value may be recovered for the Chapter 11 Estates and judicial efficiency can be promoted if continued resolution of disputes and recoveries under such contracts can be achieved without the need for trial of adversary proceedings or other litigation. The Court further FINDS that similar proceedings ordered in these and other complex chapter 11 cases have contributed to effective administration of the proceedings and have reduced costs for all parties.

Consistent with General Order #M-390, adopted December 1, 2009, providing for the Adoption of Procedures Governing Mediation of Matters and the Use of Early Neutral Evaluation and Mediation/Voluntary Arbitration in Bankruptcy Cases and Adversary Proceedings in the Bankruptcy Court for the Southern District of New York, and all existing and further amendments thereto (the "Standing Order"), and in order to promote consensual resolution with respect to the SPV Derivatives Transactions (as defined below) between one or more of the Chapter 11 Estates, the SPV Derivatives Counterparties (as defined below), and, where appropriate, the SPV Trustees (as defined below) and the Noteholders (as defined below), and to encourage effective communication, consultation, negotiation, and, when necessary, mediation among the affected parties, the procedures described below are ORDERED:

1.  SPV Derivatives Transactions.

a.  For the purposes of this Order, "SPV" means any special purpose vehicle or special investment vehicle, including but not limited to any structure, vehicle, trust, or entity that issued notes or certificates of beneficial interest pursuant to an indenture or trust agreement and that, for purposes of these SPV Derivatives ADR Procedures, has entered into one or more derivatives contracts with one or more of the Chapter 11 Estates (each, the "SPV Derivatives Transaction" and, collectively, the "SPV Derivatives Transactions"). In connection with an SPV Derivatives Transaction where some or all of the amounts that may be owed to the Chapter 11 Estate previously have been distributed to one or more Noteholder(s) (as defined below), the Chapter 11 Estate may elect, as provided below, to initiate SPV Derivatives ADR Procedures solely with one or more Noteholder(s) in addition to or in lieu of the SPV Derivatives Counterparty; when a Chapter 11 Estate so elects, such SPV Derivatives Transaction shall be defined, for purposes of this Order and for purposes of the SPV Derivatives ADR Procedures, as

3

a "Distributed SPV Derivatives Transaction," and collectively with other such transactions as the

"Distributed SPV Derivatives Transactions." The SPV Derivatives ADR Procedures shall apply

to all SPV Derivatives Transactions (including Distributed SPV Derivatives Transactions) where

one or more Chapter 11 Estates contend they have the potential for affirmative recovery.

       b.      To date, the Chapter 11 Estates have identified several hundred

SPV Derivatives Transactions with respect to which there are potential disputes over the

amounts that may be owed to one or more of the Chapter 11 Estates (whether or not an actual

lawsuit or adversary proceeding has commenced), and SPV Derivatives Transactions include,

but are not limited to, swap agreements and forward contracts with such SPV that has entered

into one or more SPV Derivatives Transactions with one or more of the Chapter 11 Estates (the

"SPV Derivatives Counterparty"); *provided*, *however*, that the term SPV Derivatives

Transactions shall not include any cash-market purchase or sale of a security or loan (*i.e.*, any

purchase or sale of a security or loan for settlement within the standard settlement cycle for the

relevant market), exchange-traded future or option, securities loan transaction, or repurchase

agreement in respect of securities or loans.

       c.      The Chapter 11 Estates have filed motions, complaints (including

adversary proceedings), and other papers commencing legal process, against, among others, SPV

Derivatives Counterparties regarding SPV Derivatives Transactions, including Distributed SPV

Derivatives Transactions (collectively, the "Actions"), and anticipate initiating legal process

against other similar parties. Specifically, the term "Actions" includes any such motions,

complaints (including adversary proceedings), and other papers commencing legal process that

already have been filed and those that are subsequently filed.

2. <u>SPV Derivatives ADR Disputes</u>.  Except to the extent expressly precluded herein, to the extent a Chapter 11 Estate seeks to institute an ADR proceeding in connection with any Action that is pending before the Court, the Chapter 11 Estate will serve a copy of this Order and the SPV Derivatives ADR Notice (as defined below) (collectively, the "<u>SPV Derivatives ADR Package</u>") on the SPV Derivatives Counterparty, or, in a Distributed SPV Derivatives Transaction, on one or more Noteholder(s) in addition to or in lieu of the SPV Derivatives Counterparty; at the Chapter 11 Estate's election, it may also serve the SPV Trustee (as defined below), one or more Noteholder(s), and/or any investment advisor, collateral manager, or other fiduciary (an "<u>Advisor</u>") with the SPV Derivatives ADR Package; *provided, however*, that a Chapter 11 Estate may not serve the SPV Derivatives ADR Package on such SPV Derivatives Counterparty, SPV Trustee, Noteholder, or Advisor, unless the Chapter 11 Estate has already commenced an Action or is already involved in ADR related to a particular SPV Derivatives Transaction.  The Chapter 11 Estate, the SPV Derivatives Counterparty, the SPV Trustee, any Noteholder, and/or any Advisor served with the SPV Derivatives ADR Package are collectively referred to herein as the "<u>Parties</u>," or each individually as a "<u>Party</u>."

a. When the SPV Derivatives Counterparty and/or, if applicable, the trustee with respect to the SPV Derivatives Transaction (the "<u>SPV Trustee</u>") are served with the SPV Derivatives ADR Package, the SPV Derivatives Counterparty and, if applicable, the SPV Trustee may disclose the contents of such SPV Derivatives ADR Package to any person, entity, or special investment vehicle that holds a note or beneficial interest in the SPV Derivatives Counterparty or the SPV Derivatives Transaction generally (such persons or entities collectively referred to as "<u>Noteholders</u>," and each singly as a "<u>Noteholder</u>"); *provided, however*, that any such Noteholder not specified as a Party to the SPV Derivatives ADR Dispute must, in advance

5

of receiving such SPV Derivatives ADR Package, agree in writing to abide by the confidentiality provisions in this Order, including paragraph 13, and must agree in writing to maintain the confidentiality of any such information received. A Noteholder served with the SPV Derivatives ADR Package, as a Party to the ADR, must abide by the confidentiality provisions in this Order, including paragraph 13, and may not disclose the contents of such SPV Derivatives ADR Package to any person other than the SPV Derivatives Counterparty or SPV Trustee without the written consent of the Chapter 11 Estates or further order of the Court.

b.      For the purposes of the SPV Derivatives ADR Procedures, service on or notice to such SPV Derivatives Counterparty, SPV Trustee, Noteholder, or Advisor can be made by serving that Party and such Party's counsel who has appeared in these cases and/or an Action by (i) hand delivery, (ii) first class mail, (iii) overnight mail, or (iv) email upon consent. Service made in accordance with this paragraph will be deemed adequate service. This paragraph is not intended to limit other methods of proper service.

c.      Notwithstanding any stay imposed by this Court, any defendant named in an Action must file a notice of appearance within thirty (30) calendar days of service of the SPV Derivatives ADR Package, within which time such defendant shall not file a responsive pleading. Pursuant to Federal Rule of Civil Procedure 41 and Federal Rule of Bankruptcy Procedure 7041, a Chapter 11 Estate has the right to dismiss an Action against such SPV Derivatives Counterparty, SPV Trustee, Noteholder, and/or Advisor without prejudice before a responsive pleading therein is filed. Failure to file a notice of appearance within 30 calendar days of service of the SPV Derivatives ADR Package may result in this Court's entry of Sanctions (as defined below) as set forth below, including an order or judgment for recovery of amounts demanded by Chapter 11 Estates in the SPV Derivatives ADR Notice or an order for a

default judgment against the defaulting party; *provided, however*, that a defendant may alternatively file an appearance with reservation of the right to raise the defense of lack of personal jurisdiction within 30 calendar days of service of the SPV Derivatives ADR Package, consistent with paragraph 5(e) below.

          d.       The first filing of a notice of appearance, or an appearance with reservation of the right to raise the defense of lack of personal jurisdiction, in an Action shall immediately and automatically stay such Action pending completion of the SPV Derivatives ADR Procedures through settlement or termination of mediation. In the case of an Action that was previously stayed, and where such stay was modified for the limited purpose of complying with this Order, such stay will continue in full force and effect upon the first filing of a notice of appearance or limited appearance.

          3.       <u>Stay of Actions</u>. A Chapter 11 Estate may serve the SPV Derivatives ADR Package regardless of whether an Action has been previously stayed by the Court, and any prior stay shall be deemed automatically lifted upon the service of the SPV Derivatives ADR Package solely for the limited purpose of the relevant defendant making an appearance in compliance with paragraph 2 of this Order. Moreover, nothing contained herein shall be construed as lifting any stay with respect to the Actions other than for the limited purpose of complying with this Order. Upon service of the SPV Derivatives ADR Package, the corresponding Action (as defined herein), to the extent not previously stayed, will be immediately stayed such that (i) all applicable deadlines (other than those related to completion of service of process) will be indefinitely suspended, (ii) all discovery and pre-trial conferences will not be required or conducted, and (iii) all motion practice and contested hearings or trials will be prohibited; *provided*, *however*, that during such stay, the Chapter 11 Estates may (a)

amend the Action complaint, (b) employ the SPV Derivatives ADR Procedures or other

procedures to attempt to consensually resolve disputed matters, (c) enter into settlements of the

Action, (d) complete service of the Action complaint, (e) seek discovery for the limited purpose

of assisting the Chapter 11 Estates in completing service of the Action complaint, and (f) dismiss

an Action in accordance with Bankruptcy Rule 7041.

4.      Settlement of Disputes During the SPV Derivatives ADR Procedures.

Nothing contained herein shall prevent the Parties from settling, and the Parties are encouraged

to settle, the SPV Derivatives ADR Dispute at any time before, during, or following the

designation of the SPV Derivatives ADR Dispute to the SPV Derivatives ADR Procedures by

the mutual consent of the Parties; *provided*, that all SPV Derivatives ADR Disputes settled

pursuant to this Order, including terminated, active, and matured SPV Derivatives Transactions,

regardless of whether such settlement is reached with a Derivatives Counterparty, SPV Trustee,

Noteholder, and/or Advisor, shall be settled pursuant to the terms set forth in (i) the Order, dated

December 16, 2008, authorizing the Chapter 11 Estates to establish procedures for the settlement

or assumption and assignment of prepetition derivative contracts [ECF No. 2257]; (ii) the Order,

dated January 29, 2009, authorizing the consensual assumption and assignment of prepetition

derivative contracts [ECF No. 2667]; (iii) other orders in these chapter 11 cases permitting such

settlement; (iv) upon the written request of any party to a settlement, by means of a Bankruptcy

Rule 9019 Motion with notice to all Noteholders of the hearing date and objection deadline;

*provided* that the economic terms of the resolution shall be redacted in any such motion and

related order and an unredacted copy disclosing the economic terms of the resolution may only

be provided to a Noteholder not previously served with the SPV Derivatives ADR Package after

such Noteholder agrees in writing to maintain the confidentiality of any such information

8

received and to abide by the confidentiality provisions in this Order; (v) the Plan; or (vi) as otherwise permitted under the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure.

     5.     <u>Participation Mandatory</u>.

     a.     Unless otherwise provided in a specific order applicable to a particular SPV Derivatives ADR Dispute, after service of the SPV Derivatives ADR Package, compliance with the SPV Derivatives ADR Procedures in this Order is mandatory. Although no Party is required to settle or compromise the SPV Derivatives ADR Dispute, each Chapter 11 Estate serving the SPV Derivatives ADR Package and each SPV Derivatives Counterparty, SPV Trustee with Authority (as defined below), Noteholder, and/or Advisor on whom a Chapter 11 Estate elects to serve such SPV Derivatives ADR Package must serve the required responses, engage in the specified communications to discuss settlement, participate in any mediation in good faith, follow directions of the mediator, and otherwise comply with the SPV Derivatives ADR Procedures specified below for all SPV Derivatives ADR Disputes covered by such SPV Derivatives ADR Package.

     b.     With respect to any SPV Derivatives ADR Package served on the SPV Trustee, the SPV Trustee will, within the period provided in paragraph 8(b) for service of a response thereto, review the governing documents and make a reasonable determination whether the SPV Trustee has authority to participate and to settle the SPV Derivatives ADR Dispute covered by the SPV Derivatives ADR Notice on behalf of the Noteholders ("<u>Authority</u>"). If in the SPV Trustee's reasonable determination it does not have Authority, the SPV Trustee will provide the Chapter 11 Estate with a written statement detailing its analysis and reasons why the SPV Trustee believes it does not have Authority under the governing documents or otherwise.

        i.      If the SPV Trustee has Authority, it will participate in the SPV Derivatives ADR Procedures on behalf of the Noteholders to the extent authorized by such documents, and it will contact the Noteholders for which it acts as SPV Trustee through the clearing systems or when possible by a direct written communication that advises such Noteholders about the initiation of the ADR.  In addition, with respect to each Noteholder not specified as a party to the SPV Derivatives ADR Dispute that agrees in writing to abide by the confidentiality provisions in this Order, including paragraph 13, and to maintain the confidentiality of any such information received, the SPV Trustee with Authority will transmit to each such Noteholder the applicable SPV Derivatives ADR Package.

        ii.      If the SPV Trustee lacks Authority via the governing documents, it shall provide a communication, through the clearing systems or when possible by a direct written communication, to the Noteholders for which it acts as SPV Trustee, that: (a) advises such Noteholders about the initiation of the ADR; (b) invites them to participate in the SPV Derivatives ADR Procedures as an alternative to litigation; (c) encourages them to communicate directly with the Chapter 11 Estates; and (d) offers to take the Noteholders' direction in accordance with the governing documents to participate in the SPV Derivatives ADR Procedures on behalf of such directing Noteholders.  In addition, with respect to each Noteholder not specified as a party to the SPV Derivatives ADR Dispute that agrees in writing to abide by the confidentiality provisions in this Order, including paragraph 13, and to maintain the confidentiality of any such information received, the SPV Trustee without Authority will transmit to each such Noteholder the applicable SPV Derivatives ADR Package.

iii.     In taking the steps outlined in this paragraph 5(b), SPV

Trustees shall make commercially reasonable efforts to act as promptly as possible under the

prevailing circumstances.

iv.     Nothing contained in this paragraph 5(b) with respect to

SPV Trustees shall relieve or be construed to relieve any SPV Derivatives Counterparty from

compliance with this Order.

c.     The SPV Derivatives Counterparty shall, on or before sixty (60)

calendar days after service of the SPV Derivatives ADR Package or, in the case of a pending

ADR under the Derivatives ADR Order on or before sixty (60) calendar days of notice by the

Chapter 11 Estate of an intent to proceed under this Order, identify and designate by written

notice (the "Settlement Participation Designation") as provided below to the other Parties to the

SPV Derivatives ADR Dispute, a person with complete settlement authority to negotiate all

disputed amounts and issues on behalf of the SPV Derivatives Counterparty (the "Authorized

Designee").  The SPV Derivatives Counterparty may change the Authorized Designee from time

to time during the course of the SPV Derivatives ADR Dispute so long as there remains at all

times during the dispute an Authorized Designee.

i.     The Settlement Participation Designation shall include the

name and contact information of Authorized Designee, state that the Authorized Designee has

agreed to participate in the SPV Derivatives ADR Procedures, and state the relationship between

the SPV Derivatives Counterparty and the Authorized Designee.  Notwithstanding any other

provisions regarding Sanctions contained in this Order, if the Chapter 11 Estate does not receive

a Settlement Participation Designation from the SPV Derivatives Counterparty within sixty (60)

calendar days of the service of the SPV Derivatives ADR Package, or notice of an intent to

proceed under this Order in the case of a pending ADR, the Court may, upon motion of the Chapter 11 Estate, impose Sanctions (as defined below) on the SPV Derivatives Counterparty, including but not limited to an order or judgment for recovery of amounts demanded by a Chapter 11 Estate in the SPV Derivatives ADR Notice.

ii.    The SPV Derivatives Counterparty shall send notice of the SPV Derivatives ADR Dispute, the aforementioned requirement to name an Authorized Designee with settlement authority, and the related Action, to all Noteholders in accordance with both requirements of paragraph 5(c)(iii) below.

iii.    In addition to any method of notice permitted by the relevant Indenture, including but not limited to service through the Depository Trust Company, notice of any SPV Derivatives ADR Dispute and the related Action given in accordance with the methods set forth below in subsections (a)-(b) to the Noteholders, parties to the Master Agreement, the Indenture, and/or the Trust Agreement, and any other persons entitled to such notice in these chapter 11 cases, constitutes sufficient notice to such persons:

(a)    sending the papers commencing the relevant Action and the SPV Derivatives ADR Package to each such person; *provided* that, in the case of the Noteholders, such papers and SPV Derivatives ADR Package shall be sent:

(i)  directly to the original Noteholders (as of the issuance date thereof), as and to the extent listed in the records of the Chapter 11 Estates; and

(ii) directly to known current Noteholders; and

(b)    publishing the fact that there exists an ADR proceeding related to this SPV Derivatives Transaction in the Wall Street Journal and the Financial Times for three successive business days.

iv.    If a Chapter 11 Estate has not timely received a Settlement Participation Designation, a Chapter 11 Estate may at its sole discretion continue its attempts at mediation, terminate the SPV Derivatives ADR Dispute and resume the Action, or stay or terminate the SPV Derivatives ADR Dispute and move for Sanctions, including but not limited to an order or judgment for recovery of amounts demanded by the Chapter 11 Estates in the SPV Derivatives ADR Notice.  No actions authorized by this paragraph 5(c)(iv) shall be construed as automatically eliminating or modifying the stay of the Action without such Chapter 11 Estate's consent.

d.    Within ten (10) business days of receiving written request by a Chapter 11 Estate, the SPV Derivatives Counterparty, and if served with the SPV Derivatives ADR Package, the SPV Trustee, shall provide information to such Chapter 11 Estate sufficient to identify and contact such Noteholders directly if known, and if such information is unknown to the SPV Derivatives Counterparty and SPV Trustee, then the SPV Derivatives Counterparty and SPV Trustee shall provide information sufficient to identify the clearing systems through which such Noteholders are communicated.

e.    In taking the steps outlined in this paragraph 5, all Parties to the SPV Derivatives ADR Dispute shall make commercially reasonable efforts to act as promptly as possible under the prevailing circumstances.

f.    Nothing contained in this paragraph 5 shall relieve or be construed to relieve any Party to the SPV Derivatives ADR Dispute from compliance with this Order.

g.    No rights, remedies, claims, or defenses of any SPV Derivatives Counterparty, SPV Trustee, Noteholder, Advisor, or Chapter 11 Estate, acting in good faith compliance with the SPV Derivatives ADR Procedures, shall be impaired, waived, or

13

compromised in any further proceedings in these cases should no settlement or compromise

result from participation in these SPV Derivatives ADR Procedures.  Participation in the SPV

Derivatives ADR Procedures by the SPV Derivatives Counterparty, Authorized Designee, SPV

Trustee, Noteholder, or Advisor shall not waive the defense of lack of *in personam* jurisdiction,

if any, which defense shall be preserved.

6.       Nothing contained herein shall prevent any Party from asserting in any

respect to the SPV Derivatives ADR Notice and elsewhere during the course of such SPV

Derivatives ADR Dispute a right to assert valid and enforceable setoff rights with respect to a

Chapter 11 Estate's claim involving a SPV Derivatives Transaction or any other valid defense to

a Chapter 11 Estate's demand thereunder.

7.       <u>Chapter 11 Estate's Rights As to Proceedings Previously or Hereafter</u>
<u>Commenced by Derivatives Counterparties</u>.  If the SPV Derivatives Counterparty, SPV Trustee,

Noteholder, and/or Advisor previously has commenced any action or proceeding in any other

court or forum, or any action or proceeding in any other court or forum following service upon it

of the SPV Derivatives ADR Package, the Chapter 11 Estates reserve their right, pursuant to the

order dated December 18, 2008 [ECF No. 2306], to remove to this Court any such lawsuit,

proceeding, or claim, and to defend or take action in any such other court or proceeding to

protect the estate of Chapter 11 Estates, and/or take action in respect of any violation of the

automatic stay imposed by section 362 of the Bankruptcy Code, despite the incomplete status of

the steps prescribed under the SPV Derivatives ADR Procedures.

## NOTICE/RESPONSE STAGE

8.       <u>Notice/Response</u>.  The initial stage of the SPV Derivatives ADR

Procedures will be a notice/response stage, providing the Parties with an opportunity to exchange

settlement offers, schedule settlement meetings or conference calls, and, if possible, resolve the

SPV Derivatives ADR Dispute on a consensual basis (the "Notice/Response Stage").  The

Notice/Response Stage shall include:

        a.      SPV Derivatives ADR Notice.  An "SPV Derivatives ADR

Notice" means a notice containing sufficient information regarding the SPV Derivatives ADR

Dispute including the nature of the Chapter 11 Estate's claim, a brief explanation setting forth

the basis for the demand and the amount of its demand for settlement, including an amount of

monetary recovery the Chapter 11 Estate(s) would accept in full settlement and compromise.

With regard to an SPV Derivatives Transaction in which funds at issue have not been distributed

already, a Chapter 11 Estate shall serve an SPV Derivatives ADR Notice upon the SPV

Derivatives Counterparty and, at such Chapter 11 Estate's election, the SPV Trustee and/or one

or more Noteholder(s) and/or Advisor(s) (and any attorneys who have appeared in these cases or

an Action).  With regard to an SPV Derivatives Transaction in which some or all funds have

been distributed, a Chapter 11 Estate may at its election serve an SPV Derivatives ADR Notice

upon one or more Noteholder(s) in addition to or in lieu of the SPV Derivatives Counterparty, as

well as, at such Chapter 11 Estate's election, upon the SPV Trustee and/or any Advisor (and any

attorneys who have appeared in these cases or an Action).  Service of a completed SPV

Derivatives ADR Notice in the form annexed to this Order as Exhibit "A" shall presumptively be

deemed to comply with this Order.

        b.      Response to Notice.  Each Party served with an SPV Derivatives

ADR Notice by the Chapter 11 Estate must respond in writing within 75 calendar days from the

date of the receipt of the SPV Derivatives ADR Notice.  The response options available are as

follows (the "Responses"):

i.    <u>Agreeing to Settle the Demand</u>.  If the Party obligated to

respond agrees to settle the demand in the SPV Derivatives ADR Notice, it shall state in writing

that the offer of settlement in the SPV Derivatives ADR Notice is accepted.  The Parties will

then execute a settlement and general release (including a confidentiality provision) and the

Chapter 11 Estate shall dismiss the corresponding Action with prejudice upon execution of the

release.

ii.    <u>Denying the Demand</u>.  The Party obligated to respond may

decline to settle for the amount stated in the demand in the SPV Derivatives ADR Notice, in

which case such Party must include a brief explanation in the Response to the SPV Derivatives

ADR Notice setting forth the reason(s) for such denial.  In addition, such Party may provide a

counteroffer to the demand in the SPV Derivatives ADR Notice.  Service of a completed

Response to the SPV Derivatives ADR Notice in the form annexed to this Order as Exhibit "B"

shall presumptively be deemed to comply with this Order.

iii.    <u>Failure to Respond</u>.  Failure to provide a timely Response

to the SPV Derivatives ADR Notice, as described in paragraphs 8(b)(i) and (ii), may result, at the

option of Chapter 11 Estates, either in an application to the Court (with notice to any applicable

SPV Derivatives Counterparty, SPV Trustee, Noteholder, or Advisor that was provided by the

Chapter 11 Estate with the SPV Derivatives ADR Package) for Sanctions (as defined below) as

set forth below, including an order or judgment for recovery of amounts demanded by Chapter

11 Estates in the SPV Derivatives ADR Notice, or immediate entry into the mediation stage.

c.    <u>Reply to Response</u>.  The Chapter 11 Estate shall have twenty (20)

calendar days from the date of the receipt of the Response to serve a reply to the Response to the

SPV Derivatives ADR Notice (the "<u>Reply</u>"), in which the Chapter 11 Estate shall (i) modify its

16

demand, (ii) respond to any counteroffer, (iii) provide additional information in support of its demand in the SPV Derivatives ADR Dispute, or (iv) reject any counteroffer in which case the SPV Derivatives ADR Dispute will automatically proceed to the Initial Settlement Conference or Mediation Stage.

9.      <u>Request for Initial Settlement Conference</u>.  At any time prior to the Mediation Stage, but after the date upon which a Reply is due, any Party may request an initial telephonic settlement conference by written request, to be held within fourteen (14) calendar days.  Within five (5) business days of a receipt of such a request, the other Parties must respond by acceptance of one of the proposed dates and times or by a proposal for an initial settlement call no later than five (5) calendar days from the earliest date set forth in the written request.  If an acceptable date cannot be achieved through this process, the Parties shall immediately proceed to the Mediation Stage.  At least one hour shall be reserved for the initial conference to discuss settlement, and during the initial settlement conference a person with authority to negotiate and settle (including an Authorized Designee) must participate on behalf of each Party. No mediator or representative of the Court will participate in this discussion, but the initial conference call specified in this paragraph, together with any continuations or rescheduled settlement calls or meetings arising from that initial settlement conference, will be covered by Rule 408 of the Federal Rules of Evidence and analogous state evidentiary provisions, and the confidentiality provisions of this Order shall apply to this call or series of calls as if a mediator were present.  Settlement conferences during the Notice/Response Stage may be held in person if all Parties agree in writing.

## **MEDIATION STAGE**

10.     Mediation.  SPV Derivatives ADR Disputes that are not resolved through the Notice/Response Stage will proceed to mediation (the "Mediation Stage").  The Chapter 11 Estates shall transmit on a rolling basis to the mediators appointed pursuant to paragraph 10(a) hereof sets of SPV Derivatives ADR Notices and any applicable Response(s) and Replies thereto for purposes of allocating specific mediations pursuant to paragraph 10(b)(i) hereof.

a.     Choice of Mediator.  James Freund, David Geronemus, Ralph Mabey, and Jacob Esher are APPOINTED as the mediators for SPV Derivatives ADR Disputes reaching the Mediation Stage.  If any named mediator is not available to serve as mediator, an alternate mediator shall be selected by the Court upon notice to the Parties.

b.     Powers of Mediator.  The mediators shall have the broadest possible discretion consistent with the Standing Order, including (i) the manner of allocating among themselves specific mediations on a fair and equitable basis; and (ii) the ability to consolidate mediations involving the same SPV Derivatives Transaction upon application by a Party and consultation with the Chapter 11 Estate.

c.     Mediator Contact.  Once a specific mediator has been selected and notice of such selection has been conveyed to the Parties, the mediator or its designee shall contact the Parties to schedule the initial mediation date.

d.     Mediation Sites.  All mediation proceedings will take place in New York, New York, unless agreed to by the Parties and the mediator.

e.     Mediation Briefs.  Any Party to a mediation may submit a Mediation Brief, with service upon the other Parties to the mediation unless the mediator has affirmatively required the Parties to serve Mediation Briefs upon each other and the mediator.

Any such Mediation Brief shall be served and filed in accordance with the briefing schedule established by the mediator. No Mediation Brief shall be filed with the Court.

      f.    <u>Appearance at Mediations</u>. Pursuant to paragraph 3.2 of the Standing Order, all participants in the mediation for the applicable SPV Derivatives ADR Dispute must appear in person with a person who has complete authority to negotiate all disputed amounts and issues such that its decisions bind that Party. In SPV Derivatives Transactions where the SPV Derivatives Counterparty is a Party, the Authorized Designee of the SPV Derivatives Counterparty must appear in person at the mediation. Any willful failure to comply with this requirement in good faith may result in the imposition of Sanctions, as provided below. The litigation subcommittee of the Creditors' Committee may attend and participate in mediations where the affirmative claim of a Chapter 11 Estate exceeds $15 million. Counsel may also be present and participate.

      g.    <u>End of Mediation</u>. The mediation shall end upon request of a Party and concurrence by the mediator.

## <u>OTHER PROVISIONS</u>

    11.    <u>Deadlines</u>. Notwithstanding any of the provisions set forth above, any of the deadlines contained herein may be modified by: (i) the mutual consent of the Parties; or (ii) the Bankruptcy Court, for cause shown.

    12.    <u>Sanctions for Parties</u>. Each Party must comply in good faith with these SPV Derivatives ADR Procedures with regard to the SPV Derivatives ADR Disputes specified in the applicable SPV Derivatives ADR Notice. If, after notice and a hearing, the Court determines that a Party has not complied with the SPV Derivatives ADR Procedures in good faith in connection with any SPV Derivatives ADR Dispute, such Party may be subject to such

Sanctions as the Court deems appropriate (the "Sanctions").  If a mediator reports to the Court that any Party subject to this Order is not cooperating in good faith with the SPV Derivatives ADR Procedures, the Court may, without the need for further motion by any Party, schedule a hearing and order Sanctions.  In ordering Sanctions, the Court shall take into consideration, among other factors, whether for such SPV Derivatives Transaction the assets (or proceeds from the liquidation of such assets) have been distributed, the existing assets of the SPV Derivatives Counterparty, and whether any Noteholder is actively involved in the SPV Derivatives ADR Dispute.  Litigation with respect to the issuance of Sanctions shall not delay the commencement of the Mediation Stage of these procedures upon completion of the Notice/Response Stage. Sanctions may include, but are not limited to:

        a.      <u>Against Chapter 11 Estates</u>:  (i) attorneys' fees incurred with respect to the SPV Derivatives ADR Procedures after the receipt of the SPV Derivatives ADR Package; (ii) fees and costs of the mediator; (iii) termination of the SPV Derivatives ADR Procedures as to one or more SPV Derivatives Transactions; and/or (iv) dismissal of some or all claims asserted by Chapter 11 Estates in the applicable SPV Derivatives ADR Dispute.

        b.      <u>Against SPV Derivatives Counterparties, SPV Trustees, Noteholders, or Advisors</u>:  (i) attorneys' fees incurred by the Chapter 11 Estates with respect to the SPV Derivatives ADR Procedures after the sending of a Derivatives ADR Package; (ii) fees and costs of the mediator; (iii) an award in the SPV Derivatives ADR Dispute in the amount specified in the SPV Derivatives ADR Notice; and/or (iv) an entry of a judgment for the Chapter 11 Estates in the related Action.

        c.      <u>Confidentiality of Sanctions Process</u>:  Notwithstanding the confidentiality provisions contained in paragraph 13 of this Order, a motion requesting Sanctions

made to the Court may identify the Parties to the subject SPV Derivatives ADR Dispute and

describe the conduct giving rise to the request for Sanctions and entitling the moving party to

relief, but shall not include any description of any negotiations regarding the SPV Derivatives

ADR Dispute that are deemed confidential under the Standing Order, this Order, or any other

order of the Court.

13.    Confidentiality.  The confidentiality provisions of section 5.0 of the

Standing Order are hereby incorporated by reference into this Order.  No oral or written

statements or arguments made or positions taken by the mediator or the Parties during any part of

the alternative dispute resolution process, including Settlement Conferences and the Mediation

Stage, may be disclosed by the mediator or any such Parties or their attorneys and advisors to the

Court or any third party; *provided*, *however*, that SPV Trustees may disclose such statements,

arguments and positions as may become necessary with their respective Noteholders and

advisors subject to these same confidentiality provisions, *provided* that such Noteholders and

their advisors agree to maintain the confidentiality of any such information received.  Similarly,

all briefs, records, reports, and other documents received or made by the mediator while serving

in such capacity shall remain confidential and not be provided to the Court, unless they would be

otherwise admissible.  In addition, the mediator shall not be compelled to disclose such records,

reports, and other documents in connection with any hearing held by the Court; *provided*,

*however*, that consistent with the Derivatives ADR Order, the mediator or a designee shall

continue on a monthly basis to report to the Court the status of the mediation efforts but shall not

disclose the content thereof, which report shall include the number of SPV Derivatives ADR

Notices served, the number of settlements reached after mediation, the number of mediations still

pending, the number of mediations that have terminated without settlement, and the cumulative

dollar amount of settlements reached following service of ADR Notices.  Rule 408 of the Federal

Rules of Evidence shall apply to all aspects of the SPV Derivatives ADR Procedures including

Settlement Conferences and the Mediation Stage.  Additionally, the economic terms, including

any settlement amounts, of any particular settlement reached pursuant to the SPV Derivatives

ADR Procedures shall be kept confidential, and such economic terms shall be redacted in any

pleadings filed with the Court.

14.     <u>Jury Trial, Arbitration, and Exclusive Foreign Forum Selection Rights</u>

<u>Unaffected</u>.  Unless affirmatively waived, participation in the SPV Derivatives ADR Procedures

shall not waive or otherwise modify the right to a jury trial, arbitration, or exclusive foreign

forum selection that otherwise may exist.  All Parties' rights and defenses to contest the assertion

of a jury trial or arbitration or exclusive foreign forum selection right by any other party are fully

preserved.

15.     <u>Fees</u>.  Except as otherwise provided herein, each party to the mediation

shall bear its own counsel fees and other costs of the SPV Derivatives ADR Procedures,

including mediation; *provided, however*, that (i) the Chapter 11 Estates shall pay the reasonable

fees and costs charged by the mediator unless otherwise ordered by the Court pursuant to the

terms of this Order, and (ii) nothing contained herein shall be deemed to vary the terms of any

SPV Derivatives Transaction in respect of the reimbursement of fees and expenses.

16.     <u>Binding Effect of Settlement</u>.  In the case of all settlements approved

hereunder, where the SPV Derivatives Counterparty is a party to the settlement, so long as

appropriate notice (pursuant to paragraph 5(c)(iii) above) of the settlement is provided to

registered holders of the notes or certificates, those beneficial holders known to it, and the SPV

Trustee, the Order approving the settlement shall be binding upon all Noteholders and shall bar

all Noteholders from taking any action against the Authorized Designee as a result of the

settlement.

        17.    <u>Service of the Notice of the Motion</u>.  Service of notice of the Motion by e-

mail or facsimile, where service by mail is not feasible, in accordance with the provisions of the

Motion, is good and sufficient notice of the Motion.

Dated: July 18, 2012
      New York, New York

                                       <u>/S/ James M. Peck</u>
                                       UNITED STATES BANKRUPTCY JUDGE

Exhibit A

**Form of SPV Derivatives ADR Notice**

SPV Derivatives ADR Notice No.: _____

Chapter 11 Estate(s): _____          Names of Other Parties: _____

_____

SPV Derivatives Transaction: _____

_____

_____

_____

Settlement Demand:  $ _____

Explanation of Basis for Settlement Demand: _____

_____

_____

_____

_____

_____

_____

_____

Date of SPV Derivatives ADR Notice: _____

Date of Service:                              _____

Response Due Date:                     _____

Chapter 11 Estate Contact: [Name]
                          [Address]
                          Telephone Number: _____
                          Email: _____

Exhibit B

**Form of Response to SPV Derivatives ADR Notice**

Names of Parties:   _____

                    _____

                    _____


Response to SPV Derivatives ADR Notice No.:   _____

☐  Agree to Settlement Demand

☐  Denial of Settlement Demand          ☐  Counteroffer

                                        Counteroffer Amount:  $_____

Explanation of Basis for Counteroffer/Denial of Settlement Demand:   _____
_____
_____
_____
_____
_____
_____
_____


Party Contact:                    [Name]
                                  Telephone Number:  _____
                                  Email:  _____